EPLAN *et al. v.* CITY OF ATLANTA *et al.*

No. 8847. FEBRUARY 27, 1933.

*Morris Macks* and *Branch & Howard,* for plaintiffs.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for defendants.

RUSSELL, C. J. The plaintiffs sought by injunction to prevent the City of Atlanta from enforcing an ordinance imposing a tax of $1,000 on vendors of jewelry, etc., at auction, and providing for punishment for failure to pay this special tax.   The petition alleged that the city claimed to act under the authority of section 1878 of the City Code of Atlanta of 1924, which is an ordinance enacted by the mayor and city council of Atlanta, and which provides: "The business of selling watches, clocks, and jewelry at auction shall hereafter pay a license or registration tax of one thousand ($1,000) dollars per annum; no license to be issued for less than the full price of one year, same to be paid in advance.   Any person, or persons, failing to register as actioneers, or vendue masters, with the city clerk, and to pay this license fee or tax before undertaking the business of selling watches, clocks, and jewelry at auction, shall be deemed guilty of an offense, and on conviction in the recorder's court shall be punished by a fine not exceding two hundred ($200) dollars, or sentenced to work upon the public works of the city for not exceeding thirty days, either or both punishments to be inflicted in the discretion of the recorder."   After a hearing the court refused an injunction.   The plaintiffs urged that the ordinance quoted above is void, because it is arbitrary, unreasonable, and confiscatory;

and because the charter provision under which it was enacted (Code of Atlanta, § 89) is violative of art. 7, sec. 2, par. 1, of the constitution of Georgia, which requires that "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax." Also that the ordinance can not be valid, because the provision of the charter contained in the Code of Atlanta, § 89, contains two provisos which tend to limit or diminish the amount of the tax below the sum of $1,000; and that the charter provision is therefore violative of art. 7, sec. 4, par. 4, of the constitution of Georgia, that "All laws exempting property from taxation, other than the property herein enumerated, shall be void." It is insisted that there is no law authorizing the imposition of a $1,000 tax on auctioneers of jewelry.

It does not appear that the ordinance which we have quoted is necessarily either arbitrary, unreasonable, or confiscatory, though that such was the case might appear if the license tax was so enforced in an arbitrary or unreasonable manner, with the result that it became confiscatory. Upon consideration of the record we are inclined to the opinion that the ordinance fixing a fee of $1,000 for sellers of jewelry at auction is violative of the uniformity clause of the constitution; this for the reason that the ordinance does not follow the authority conferred upon the City of Atlanta by the General Assembly in the passage of the charter provision (Ga. L. 1893, pp. 175, 180, sec. 8), upon which undoubtedly ordinance in question must depend. This section of the act of 1893 is as follows: "The Mayor and General Council of the City of Atlanta shall have authority, in their discretion, to require the payment of a registration tax of not exceeding one thousand dollars ($1,000.00) per annum on the business of selling watches, clocks, or jewelry at auction in said city: provided, that when the registration tax on such business shall exceed two hundred dollars ($200.00) per annum, no ad valorem tax shall be charged to the dealer paying such registration tax on the stock carried by him; provided further, that when such dealer is relieved from the payment of ad valorem tax on his stock, the registration tax shall not in any case be less than the ad valorem tax on the assessed value of his stock would amount to." The legislature gave the power with the qualifications, conditions, and provisos. It is not within the power of a municipal council to amend

the grant as given in any respect. If it be conceded that the ordinance embodied in section 1878 of the Code of the City of Atlanta is otherwise a proper exercise of the powers accorded by the legislative authority to municipal authorities, still it is not the authority which was granted by the sovereign State. A valid ordinance can not be built upon an unconconstitutional foundation. Ordinance 1878 depends for its right to existence upon section 8 of the act of 1893, supra. We are of the opinion that the aforesaid section of the act of 1893 is in violation of the constitutional provision that "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed" (art. 7, sec. 2, par. 1), in that uniformity in taxation is destroyed when no ad valorem tax shall be charged to the dealer paying such registration tax on the stock carried by him, when the registration tax on such business shall exceed two hundred dollars per annum. Under the charter power conferred by section 8 of the act of 1893, supra, one who does not pay as much ad valorem tax upon his stock as $200 must nevertheless pay his ad valorem tax, and also the registration tax to sell jewelry at auction; whereas one who would be liable under the general law of the State to pay ad valorem taxes is excused upon payment of the registration tax. This can not be uniformity in the payment of ad valorem taxes of the two individuals engaged in the same business and within the operation of the same law. Likewise it is manifest that the act just quoted does exempt, in certain contingencies, property liable for taxes from the payment of taxes. To be liable for an occupation tax is one thing; to be liable for ad valorem taxes upon property is another and different thing. This exemption is forbidden by art. 7, sec. 2, par. 4, of the constitution providing that "All laws exempting property from taxation, other than the property herein enumerated, shall be void." The property of vendors of jewelry is not within the classes named.

Another ground of complaint is that the ordinance quoted is inconsistent with the provision of sec. 86 of the charter of the City of Atlanta, in which occupation taxes of all kinds are limited to the sum of $300. We are of the opinion that this plea or complaint is well sustained. As we have already observed, the power conferred by the General Assembly upon the mayor and council of Atlanta (upon which depends the right to impose a tax of $1,000 on those engaged in the sale of jewelry at auction) contains certain provisos

or conditions, and these provisos were not incorporated in the ordinance.

In view of the controlling nature of what has been held, we pretermit any further discussion of other assignments of error in the bill of exceptions. The well-settled rule, that in the grant or refusal of interlocutory injunctions upon conflicting evidence the discretion of the trial judge will not be interfered with, might apply if the ordinance had been a valid one; but since we find the ordinance to be void, any ruling upon the evidence would be futile and nugatory. The court erred in not granting the injunction which the petitioners invoked.

*Judgment reversed. All the Justices concur.*